**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **TARGA GAS MARKETING, LLC,** § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | CIV. ACTION NO. 4:21-cv-01128 | |
| § | | |
| **MIECO LLC,** § | | |
| § | | |
| Defendant. § | JURY TRIAL DEMANDED | |

**ANSWER AND COUNTERCLAIMS**

For its Answer and Counterclaims to the Original Petition for Declaratory Relief of Plaintiff Targa Gas Marketing LLC ("Targa"), defendant MIECO LLC ("MIECO") hereby states as follows:

1.  Paragraph 1 of the Original Petition is a request for a discovery track to which no response is required.

2.  MIECO admits the allegations set forth in Paragraph 2 of the Original Petition.

3.  MIECO admits the allegations set forth in Paragraph 3 of the Original Petition, but states that, for jurisdictional purposes, it is a citizen of New York as a result of its sole member being a New York corporation with its principal place of business in New York.

4.  Paragraph 4 of the Original Petition states a conclusion of law to which no response is required.

5.  Paragraph 5 of the Original Petition states a conclusion of law to which no response is required.

6.  In response to the allegations contained in Paragraph 6 of the Original Petition, MIECO admits that Targa, in its Original Petition, seeks only non-monetary relief, plus attorneys'

fees and costs, but denies that Targa is entitled to the requested relief. In further response to the allegations contained in Paragraph 6 of the Original Petition, MIECO admits that the amount in controversy exceeds the jurisdictional minimum of the District Court of Harris County, Texas.

7. In response to the allegations contained in Paragraph 7 of the Original Petition, MIECO admits that a substantial part of the events giving rise to the dispute between Targa and MIECO occurred in Harris County, Texas, but states that the remaining allegations in Paragraph 7 constitute a conclusion of law to which no response is required.

8. In response to the allegations contained in Paragraph 8 of the Original Petition, MIECO admits that Targa has asserted Force Majeure as an excuse for failing to satisfy its contractual obligations to deliver natural gas and to pay damages owed to MIECO as a result of such failure, but states that Targa's invocation of Force Majeure is baseless and invalid.

9. In response to the allegations contained in Paragraph 9 of the Original Petition, MIECO admits that Targa and MIECO are parties to a NAESB Base Contract for Sale and Purchase of Natural Gas dated as of June 1, 2010, but states that the NAESB Base Contract for Sale and Purchase of Natural Gas plus the relevant confirmations comprised the contracts at issue.

10. MIECO admits the allegations set forth in Paragraph 10 of the Original Petition.

11. In response to the allegations contained in Paragraph 11 of the Original Petition, MIECO admits that Winter Storm Uri brought unusually cold weather to a large area of the United States, including the states of Texas, New Mexico, and Oklahoma between February 13 and February 17, 2021; admits that Winter Storm Uri impacted natural gas suppliers; lacks information sufficient to form a belief as to whether Targa's affiliates were affected by the storm and as to whether these affiliates claimed Force Majeure; admits that, over the period from February 14 through February 20, 2021, Targa delivered less than the 45,000 MMBtu of natural gas that it was

contractually obligated to provide to MIECO; and denies the remaining allegations in Paragraph 11.

12. In response to the allegations contained in Paragraph 12 of the Original Petition, MIECO admits that Section 11 of the NAESB Base Contract for Sale and Purchase of Natural Gas contains provisions concerning Force Majeure; states that the language of Section 11 speaks for itself; and denies the allegations contained in Paragraph 12 to the extent they differ from, or mischaracterize the provisions of, Section 11.

13. MIECO denies the allegations set forth in Paragraph 13 of the Original Petition.

14. MIECO denies the allegations set forth in Paragraph 14 of the Original Petition.

15. In response to Paragraph 15 of the Original Petition, MIECO re-alleged Paragraphs 1 through 14 of this Answer and incorporates such paragraphs as though set forth fully herein.

16. In response to the allegations set forth in Paragraph 16 of the Original Petition, MIECO admits that the paragraph describes some of the disputes between Targa and MIECO; denies that Targa's failure to pay the amounts owed to MIECO is in good faith; denies that Targa's excuses for failing to pay the amounts owed to MIECO are asserted in good faith; and otherwise denies the allegations in paragraph 16.

17. In response to the allegations set forth in Paragraph 17 of the Original Petition, MIECO admits that Targa asserts a claim for declaratory judgment.

18. In response to the allegations set forth in Paragraph 18 of the Original Petition, MIECO admits that Targa seeks declarations as set forth in Paragraph 18, but denies that Targa is entitled to any such declarations.

19. MIECO denies the allegations set forth in Paragraph 19 of the Original Petition.

20. MIECO denies the allegations set forth in Paragraph 20 of the Original Petition.

21. MIECO denies each and every allegation in the Original Petition except as specifically admitted or qualified herein.

## FIRST AFFIRMATIVE DEFENSE

Targa is barred from seeking declaratory relief by its own breach of contract.

## SECOND AFFIRMATIVE DEFENSE

Targa is barred from seeking declaratory relief due to its unclean hands.

WHEREFORE, Defendant MIECO LLC respectfully requests that the Court dismiss the Original Petition and all claims asserted therein with prejudice, award MIECO its costs and expenses; and award MIECO such other relief as the Court may find just and proper.

## COUNTERCLAIMS

Counterclaim Plaintiff MIECO LLC, for its Counterclaims against Counterclaim Defendant Targa Gas Marketing LLC, states and alleges as follows:

1. MIECO is a limited liability company whose sole member is whose only member is Marubeni America Corporation, a New York corporation with its principal place of business in New York.

2. Targa is a limited liability company whose only member, on information and belief, is Targa Resources Partners LP, a limited partnership. On information and belief, Targa Resources Partners, LP's sole partner is Targa Resources Corp., a Delaware corporation with its principle place of business in Texas.

3. This Court has jurisdiction over these Counterclaims pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states.

4.      This Court has personal jurisdiction over Targa because Targa has its principal place of business in Houston, Texas, and because Targa entered into the transactions at issue in Texas.

5.      Venue is proper in this pursuant to 28 U.S.C. § 1391(b)(1) because Targa resides in this District and pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to the counterclaims occurred in this District.

6.      MIECO and Targa are parties to a NAESB Base Contract for Sale and Purchase of Natural Gas entered into as of June 1, 2020 ("NAESB Base Contract").  Together with individual Transaction Confirmations setting forth the terms of specific purchases and sales of natural gas, the NAESB Base Contract formed the contracts at issue in this litigation.  A true and correct copy of the NAESB Base Contract is attached hereto as Exhibit A.

### Contracts for Delivery of Natural Gas by Targa to MIECO

7.      On October 1, 2020, Targa agreed to deliver to MIECO 15,000 MMBtu of natural gas each day between November 1, 2020, and March 31, 2021, at "NNG Demarc," the pooling point that separates the interstate natural gas pipeline system of Northern Natural Gas into its Field and Market zones.  The parties agreed that the price for the 15,000 MMBtu per day was to be the first of the month index price for deliveries to NNG Demarc, as published by *Inside FERC*, plus $0.01 per MMBtu (the "Firm Price"). The parties memorialized their agreement in Trade Confirmation No. 252022, a copy of which is attached hereto as Exhibit B.  Together with the NAESB Base Contract, Trade Confirmation No. 252022 constituted the "Firm Price Contract."

8.      Also on October 1, 2020, Targa agreed to deliver to MIECO 30,000 MMBtu of natural gas each day between November 1, 2020, and March 31, 2021, at NNG Demarc at a price equal to the daily index price for NNG Demarc for the date of delivery as published in *Gas Daily*

(the "Gas Daily Price"). The parties memorialized their agreement in Trade Confirmation No. 252023, a copy of which is attached hereto as Exhibit C. Together with the NAESB Base Contract, Trade Confirmation No. 252023 constituted the "Gas Daily Contract."

9. Targa failed to deliver 14,993 MMBtu of the 30,000 MMBtu of natural gas it was to deliver to MIECO on February 14, 2021 pursuant to the Gas Daily Contract. MIECO does not seek damages for this non-delivery.

10. On February 15, 2021, Targa failed to deliver any of the 30,000 MMBtu of natural gas it was to deliver to MIECO pursuant to the Gas Daily Contract and also failed to deliver 5,625 MMBtu of natural gas it was to deliver to MIECO pursuant to the Firm Price Contract. Pursuant to Section 3.2 of the NAESB Base Contract, Targa is obligated to pay MIECO the difference between the Firm Price set forth in Trade Confirmation No. 252022 and the Spot Price for natural gas at NNG Demarc on the date in question, multiplied by the amount of natural gas the Targa failed to deliver pursuant to the Firm Price Contract. The Spot Price at NNG Demarc on February 15, 2021, was $231.67/MMBtu. Consequently, Targa owes MIECO $1,287,956.25 for its non-delivery of 5,625 MMBtu of natural gas pursuant to the Firm Price Contract on February 15, 2021. (MIECO does not seek damages for the non-delivery of the 30,000 MMBtu of natural gas Targa was to deliver pursuant to the Gas Daily Contract.)

11. On February 16, 2021, Targa failed to deliver any of the 30,000 MMBtu of natural gas it was to deliver to MIECO pursuant to the Gas Daily Contract and also failed to deliver any of the 15,000 MMBtu of natural gas it was to deliver to MIECO pursuant to the Firm Price Contract. Pursuant to Section 3.2 of the NAESB Base Contract, Targa is obligated to pay MIECO the difference between the Firm Price set forth in Trade Confirmation No. 252022 and the Spot Price for natural gas at NNG Demarc on the date in question, multiplied by the amount of natural

gas the Targa failed to deliver pursuant to the Firm Price Contract.  The Spot Price at NNG Demarc on February 16, 2021, was $231.67/MMBtu.  Consequently, Targa owes MIECO $3,434,550.00 for its non-delivery of 15,000 MMBtu of natural gas pursuant to the Firm Price Contract on February 16, 2021.  (MIECO does not seek damages for the non-delivery of the 30,000 MMBtu of natural gas Targa was to deliver pursuant to the Gas Daily Contract.)

12.     On February 17, 2021, Targa failed to deliver any of the 30,000 MMBtu of natural gas it was to deliver to MIECO pursuant to the Gas Daily Contract and also failed to deliver any of the 15,000 MMBtu of natural gas it was to deliver to MIECO pursuant to the Firm Price Contract.  Pursuant to Section 3.2 of the NAESB Base Contract, Targa is obligated to pay MIECO the difference between the Firm Price set forth in Trade Confirmation No. 252022 and the Spot Price for natural gas at NNG Demarc on the date in question, multiplied by the amount of natural gas the Targa failed to deliver pursuant to the Firm Price Contract.  The Spot Price at NNG Demarc on February 17, 2021, was $133.635/MMBtu.  Consequently, Targa owes MIECO $1,964,025.00 for its non-delivery of 15,000 MMBtu of natural gas pursuant to the Firm Price Contract on February 17, 2021.  (MIECO does not seek damages for the non-delivery of the 30,000 MMBtu of natural gas Targa was to deliver pursuant to the Gas Daily Contract.)

13.     On February 18, 2021, Targa failed to deliver any of the 30,000 MMBtu of natural gas it was to deliver to MIECO pursuant to the Gas Daily Contract and also failed to deliver any of the 15,000 MMBtu of natural gas it was to deliver to MIECO pursuant to the Firm Price Contract.  Pursuant to Section 3.2 of the NAESB Base Contract, Targa is obligated to pay MIECO the difference between the Firm Price set forth in Trade Confirmation No. 252022 and the Spot Price for natural gas at NNG Demarc on the date in question, multiplied by the amount of natural gas the Targa failed to deliver pursuant to the Firm Price Contract.  The Spot Price at NNG Demarc

on February 18, 2021, was $26.945/MMBtu. Consequently, Targa owes MIECO $363,675.00 for its non-delivery of 15,000 MMBtu of natural gas pursuant to the Firm Price Contract on February 18, 2021. (MIECO does not seek damages for the non-delivery of the 30,000 MMBtu of natural gas Targa was to deliver pursuant to the Gas Daily Contract.)

14. On February 19, 2021, Targa failed to deliver any of the 30,000 MMBtu of natural gas it was to deliver to MIECO pursuant to the Gas Daily Contract and also failed to deliver 11,836 MMBtu of the 15,000 MMBtu of natural gas it was to deliver to MIECO pursuant to the Firm Price Contract. Pursuant to Section 3.2 of the NAESB Base Contract, Targa is obligated to pay MIECO the difference between the Firm Price set forth in Trade Confirmation No. 252022 and the Spot Price for natural gas at NNG Demarc on the date in question, multiplied by the amount of natural gas the Targa failed to deliver pursuant to the Firm Price Contract. The Spot Price at NNG Demarc on February 19, 2021, was $6.05/MMBtu. Consequently, Targa owes MIECO $39,650.60 for its non-delivery of 11,836 MMBtu of natural gas pursuant to the Firm Price Contract on February 16, 2021. (MIECO does not seek damages for the non-delivery of the 30,000 MMBtu of natural gas Targa was to deliver pursuant to the Gas Daily Contract.)

15. On February 20, 2021, Targa failed to deliver any of the 30,000 MMBtu of natural gas it was to deliver to MIECO pursuant to the Gas Daily Contract and also failed to deliver any of the 15,000 MMBtu of natural gas it was to deliver to MIECO pursuant to the Firm Price Contract. Pursuant to Section 3.2 of the NAESB Base Contract, Targa is obligated to pay MIECO the difference between the Firm Price set forth in Trade Confirmation No. 252022 and the Spot Price for natural gas at NNG Demarc on the date in question, multiplied by the amount of natural gas the Targa failed to deliver pursuant to the Firm Price Contract. The Spot Price at NNG Demarc on February 20, 2021, was $3.99/MMBtu. Consequently, Targa owes MIECO $19,350.00 for its

non-delivery of 15,000 MMBtu of natural gas pursuant to the Firm Price Contract on February 20, 2021.  (MIECO does not seek damages for the non-delivery of the 30,000 MMBtu of natural gas Targa was to deliver pursuant to the Gas Daily Contract.)

16. Pursuant to the Firm Price Contract, MIECO timely and properly invoiced Targa on March 12, 2021, for the $7,109,206.85 owed to MIECO.

17. Targa has refused to pay the $7,109,206.85 owed to MIECO.

18. Targa sent MIECO what purported to be a Force Majeure notice on February 17, 2020 – *after* Targa's non-delivery of natural gas on February 14, February 15, February 16 and February 17, 2021.  The purported Force Majeure notice failed to set forth "with reasonably full particulars" how Winter Storm Uri *caused* Targa's failure to deliver natural gas to MIECO – as required by Sections 11.1 and 11.5 of the NAESB Base Contract – and is therefore invalid.

19. Section 11.1 of the NAESB Base Contract provides that a party may invoke Force Majeure to excuse its failure to perform under the Contact only "to the extent such failure was caused by Force Majeure."  Winter Storm Uri did not cause Targa's failure to perform.  Sufficient natural gas was available at NNG Demarc on each of the days at issue to deliver to MIECO.

20. On information and belief, Targa could have fulfilled its obligations to MIECO, but chose not to do so due to economic considerations.  Section 11.3 of the NAESB Base Contract makes it plain that economic hardship, such as the expense of purchasing natural gas to comply with Targa's contractual delivery obligations to MIECO or the ability of Targa to sell natural gas at a higher price to other purchasers, does not constitute Force Majeure.

21. Because no event of Force Majeure caused Targa's non-delivery of natural gas to MIECO on February 14 – 20, and because Targa's purported Force Majeure notice is invalid, Targa is contractually obligated to pay MIECO $7,109,206.85, plus interest.

**The Targa Gas Purchase Contracts**

22.     Targa agreed to buy, and MIECO agreed to sell, certain amounts of natural gas for delivery to Targa in February 2021.  These agreements are memorialized in Trade Confirmation No. 835253 (delivery of 1,500 MMBtu of natural gas to Targa on February 2, 2021, at an index price equivalent to $2.645/MMBtu), Trade Confirmation No. 835394 (delivery of 500 MMBtu of natural gas to Targa on February 3, 2021, at an index price equivalent to $2.80/MMBtu), Trade Confirmation No. 8356183 (delivery of 1,700 MMBtu of natural gas to Targa on February 3, 2021, at an index price equivalent to $2.885/MMBtu), Trade Confirmation No. 837706 (delivery of 1,170 MMBtu of natural gas to Targa on February 7, 2021, at a price of $3.85/MMBtu), Trade Confirmation No. 837709 (delivery of 1,175 MMBtu of natural gas to Targa on February 8, 2021, at a price of equivalent to $3.80/MMBtu), Trade Confirmation No. 838206 (delivery of 1,400 MMBtu of natural gas to Targa on February 11, 2021, at an index price equivalent to $3.67/MMBtu), Trade Confirmation No. 839499 (delivery of 10,000 MMBtu of natural gas daily to Targa on February 13, 2021, through February 16, 2021, at an index price equivalent to $229.56/MMBtu), Trade Confirmation No. 839684 (delivery of 3,000 MMBtu of natural gas daily to Targa on February 13, 2021, through February 16, 2021, at a price of $200.00/MMBtu), Trade Confirmation No. 839858 (delivery of 7,400 MMBtu of natural gas daily to Targa on February 13, 2021, through February 16, 2021, at a price of $180.00/MMBtu), Trade Confirmation No. 842114 (delivery of 20,000 MMBtu of natural gas to Targa on February 23, 2021, at an index price equivalent to $2.6625/MMBtu), and Trade Confirmation No. 842115 (delivery of 10,000 MMBtu of natural gas to Targa on February 23, 2021, at an index price equivalent to $2.6625/MMBtu). Copies of the referenced Trade Confirmations are attached hereto as Exhibit D.  Together with the

NAESB Base Contract, these purchase agreements, as memorialized in the Trade Confirmations, constitute the "Targa Gas Purchase Contracts."

23. MIECO delivered, and Targa accepted, all of the natural gas specified in the Targa Gas Purchase Contracts.

24. Pursuant to the Targa Gas Purchase Contracts, Targa owes MIECO $16,644,296.50 for the natural gas sold to Targa during February 2021.

25. MIECO issued an invoice to Targa on March 9, 2021, for $2,640,903.75, the net difference between the $16,644,296.50 owed by Targa for natural gas delivered by MIECO to Targa in February 2021, less the $14,003,392.80 owed by MIECO for natural gas delivered by Targa to MIECO in February 2021. Invoicing for the net amount owed is provided for in the Base Contract and is consistent with the parties' course of dealing.

26. Targa has refused to pay MIECO all but $19,684.03 of the $2,640,903.75 net amount owed to MIECO for natural gas delivered to Targa pursuant to the Targa Gas Purchase Contracts.

27. Targa, in a letter dated March 24, 2021, explained that it based its refusal to pay $2,621,219.72 of the amount owed to MIECO on a unilateral inflation of the prices for natural gas delivered to MIECO. Specifically, although the Firm Price Contract specifies the price of gas delivered pursuant to that contract to be the Firm Price – $2.70/MMBtu, in this case – and although the natural gas delivered by Targa between February 14 and February 20 was delivered pursuant to the Firm Price Contract, Targa unilaterally and improperly granted itself a larger setoff against the amount owed to MIECO by pricing the gas at some unspecified combination of the Firm Price and the significantly highly Gas Daily Price. Targa's action is contrary to the Firm Price Contract, is contrary to industry practice, is contrary to the parties' course of dealing, and is entirely invalid.

11

## COUNT I
## BREACH OF CONTRACT (FIRM PRICE CONTRACT)

28. MIECO incorporates by reference the allegations contained in paragraphs 1 - 27 as if fully set forth herein.

29. MIECO has performed all of its obligations under the Firm Price Contract.

30. Targa has materially breached the Firm Price Contract by failing to deliver 15,000 MMBtu of natural gas daily to MIECO at NNG Demarc on February 15 – 20, 2021.

31. As a direct and proximate result of Targa's material breach of the Firm Price Contract, MIECO is contractually entitled to $7,109,206.85, plus interest.

32. Additionally, MIECO is entitled, pursuant to Tex. Civ. Prac. & Rem. § 38.001(8), to its costs and attorneys' fees incurred in connection with Targa's breach of contract.

## COUNT II
## BREACH OF CONTRACT (TARGA GAS PURCHASE CONTRACTS)

33. MIECO incorporates by reference the allegations contained in paragraphs 1 - 27 as if fully set forth herein.

34. MIECO has performed all of its obligations under the Targa Gas Purchase Contracts.

35. Targa has materially breached the Targa Gas Purchase Contracts by failing to pay $2,621,219.72 for natural gas delivered to Targa by MIECO in February 2021.

36. As a direct and proximate result of Targa's material breach of the Targa Gas Purchase Contracts, MIECO is contractually entitled to $2,621,219.72, plus interest.

37. Additionally, MIECO is entitled, pursuant to Tex. Civ. Prac. & Rem. § 38.001(8), to its costs and attorneys' fees incurred in connection with Targa's breach of contract.

## JURY DEMAND

MIECO requests a trial by jury on all issues so triable.

**WHEREFORE**, MIECO LLC prays that the Court

1. Enter judgment in favor of MIECO and against Targa for breach of the Firm Price Contract in the amount of $7,109,206.85, plus prejudgment interest;

2. Enter judgment in favor of MIECO and against Targa for breach of the Targa Gas Purchase Contracts in the amount of $2,621,219.72, plus prejudgment interest;

3. Award MIECO its costs and attorney's fees pursuant to Tex. Civ. Prac. & Rem. § 38.001(8); and

4. Grant MIECO such other and further relief as the Court may find just and proper.

Respectfully submitted,

GORDON REES SCULLY MANSUKHANI

By: */s/ Laura E. De Santos*_____
**Laura E. De Santos – LEAD COUNSEL**
SBN: 00793612
Federal ID. No: 19328
ldesantos@grsm.com
**Megan M. Mitchell**
SBN: 24073504
Federal ID No. 2174572
mmmitchell@grsm.com
1900 West Loop South, Suite 1000
Houston, Texas 77027
Telephone: (713) 961-3366
Facsimile: (713) 961-3938

-AND-

**Creighton R. Magid\***
Dorsey & Whitney LLP
DC Bar No.: 476961
magid.chip@dorsey.com
**Steven A. Weiler\***
DC Bar No.: 418129
weiler.steve@dorsey.com
1401 New York Avenue NW, Suite 900
Washington, DC  20005
Telephone:  (202) 442-3555
Facsimile:  (202) 442-3199
**\*Pro hac vice application forthcoming*

**ATTORNEYS FOR DEFENDANT AND COUNTERCLAIMANT MIECO LLC**

CERTIFICATE OF SERVICE

I hereby certify that on April 7, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

David W. Jones
Beck Redden LLP
1221 McKinney Street, Suite 4500
Houston, Texas 77010
djones@beckredden.com

*/s/ Megan M. Mitchell*
MEGAN M. MITCHELL

14